BEELER, TRUSTEE, *v.* WILLIS.

(Decided March 26, 1934.)

*Messrs. Shotts & Millikin,* for plaintiff in error.
*Mr. Coleman Avery,* for defendant in error.

WILLIAMS, J.   A. Hunter Willis recovered a judgment against The Long & Allstatter Company for the sum of $107,243.39, and an execution was forthwith issued to the sheriff of Butler county, and thereunder a levy was made on the property in the plant of The Long & Allstatter Company in the city of Hamilton, Ohio.  The property was not sold under the execution, and return was made reporting it unsold.  From time to time orders of sale, as they are denominated in the record, were issued, and these orders of sale were returned without the property having been sold.  No inventory was attached or filed with the various returns until the return of the writ issued March 2, 1933.  To that return an inventory was attached.  The sole question presented is whether or not the judgment creditor lost his execution lien upon items of property which were omitted from such inventory by the sheriff.

The Court of Common Pleas held that such execution lien subsisted, and adjudged the matter against Ralph K. Beeler, trustee in bankruptcy of The Long & Allstatter Company, bankrupt, who had filed a motion to eliminate from sale and to prevent the selling of the property not inventoried, claiming that the execution lien thereon no longer subsisted.  No contention is made that the order made on the overruling of the motion in the court below was not a final order.  As the question is so clear cut, it is not necessary to set forth all the facts surrounding the transaction.

It is contended that these various writs, some of them denominated in the record "orders of sale", were in fact executions under Section 11669, General Code, which provides in substance that where goods and chattels levied upon by execution can not be sold for want of bidders, or want of time, the officer making the return shall attach a true and perfect in-

ventory of the goods and chattels remaining unsold. This section was part of the original code and has been in force since 1853. Swan's Revised Statutes of Ohio, Derby's Edition, 1854, page 677, Section 430.

The case of *Pugh* v. *Calloway*, 10 Ohio St., 488, 495, is a case in point, and it is plainly held therein that the making of an inventory, though often desirable, is not necessary to constitute a valid levy upon personal property. That case, it is true, arose in connection with an execution issued out of a justice's court, but the justice's code required that an inventory of property remaining unsold for want of buyers, or other just cause, should be returned. Swan's Revised Statutes of Ohio, Derby's Edition, 1854, page 525, Section 177. And this section was in force at the time of the levies under consideration in the decision in that case.

The return in the instant case shows a levy upon the property in question, and that return, as originally made, has never been attacked, and is subsisting.

The question, therefore, is not an open one in Ohio and we are constrained to hold, in accordance with the decision of our Supreme Court above cited, that the execution lien on uninventoried property was not lost merely by reason of the fact that the sheriff omitted the same from the inventory.

For the reasons given, the judgment will be affirmed.

*Judgment affirmed.*

LLOYD and SHERICK, JJ., concur.

Judges WILLIAMS and LLOYD, of the Sixth Appellate District, and Judge SHERICK, of the Fifth Appellate District, sitting by designation in the First Appellate District.